MUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL HODGES, SHANE THOMPSON, ZELMO
BROOKS II and SASHA OYEWOLETURNER,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

ALL TRANSIT, LLC and DANIEL LIEBOWITZ

    Defendants.

Index No.:

**COMPLAINT**

**JURT TRIAL DEMANDED**

Plaintiffs ("Plaintiffs"), on behalf of themselves and all other similarly situated persons, by and through their undersigned counsel, allege upon personal knowledge as to themselves and upon information and belief as to other matters (which is based on, among other things, their experiences working at Defendants' transportation service, review of Defendants' records, conversations with Defendants' employees and investigation of their counsel), as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former hourly paid and non-exempt Drivers ("Drivers") of the Defendants, All Transit, LLC and Daniel Liebowitz (collectively as "All Transit" or "Defendants"). The Defendants in this action, by virtue of their management and control over the wages and work of All Transit's Drivers, are classified as "employers" under applicable labor law.

2. All Transit owns and operates a paratransit and transportation company that is contracted by the Metropolitan Transportation Authority ("MTA") to provide paratransit and transportation services to elderly and/or disabled residents and operate charter buses throughout the greater New York City area.

3. A Driver's job duties include the timely transportation of passengers back and forth from their desired locations. Additionally, Drivers are responsible for safely loading clients onto and off of the vehicles.

4. As particularized below, Defendants have engaged and continue to engage in illegal and improper wage practices that have deprived Drivers of straight wages and overtime compensation. These practices include: (a) requesting that Drivers perform off-the-clock work prior to clocking in and after clocking out thereby depriving Drivers of wages and overtime compensation to which they are entitled by law; and (b) requiring Drivers to work through uncompensated and automatically deducted meal breaks without compensation. These illegal practices and policies are consistently employed within All Transit's facility and have been known to the Defendants for years. For these reasons, Plaintiffs bring this action on behalf of themselves and other All Transit Drivers to recover unpaid wages, overtime compensation, damages and reasonable attorneys' fees, injunctive relief to end the practices complained of herein and costs under the Fair Labor Standards Act (the "FLSA") §§ 201, *et. Seq.*, and under McKinney's Labor Law (the "NYLL"), §§ 190, *et. seq.*, §§ 650, *et. seq.*, and 12 NYCRR § 142-2.2.

### JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §216(b).

6. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. 1332(d). This is a proposed class action in which: (a) there are 100 or more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from the Defendants; and (c) the claims of the proposed class

members exceed $5,000,000.00 in the aggregate.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the NYLL state law wage and hour claims because those claims derive from a common nucleus of operative fact.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

**Plaintiffs**

9. Plaintiff, Michael Hodges, is a resident of Jamaica, New York. Mr. Hodges was employed by All Transit on a full-time basis as a Driver from April 2010 until April 2012, and paid an hourly rate of approximately $12.50. Throughout Mr. Hodges's employment at All Transit, he was frequently asked to and did perform work before the start of his shift, after the end of his shift, in between shifts on days working a double shift and during his meal breaks without compensation. This off-the-clock work and work performed during meal breaks was significant, integral and indispensable to the performance of job related duties, was not a de minimis task or request and was predominantly for the Defendants' benefit. Work performed during off-the-clock periods included: (1) conducting pre-ride vehicle safety inspections; (2) receiving and reviewing the daily passenger manifest; (3) travelling to pick up the first daily passenger; (4) travelling back to All Transit's facility after making the final passenger drop off; (5) completing end of shift paperwork; and (6) conducting a post-ride vehicle safety inspection. By way of example, this off-the-clock work occurred every day throughout the course of Mr. Hodges' employment at All Transit and regularly took him at least 2 hour to complete the aforementioned tasks, time for which Mr. Hodges worked but was not properly compensated.

Work performed during off-the-clock periods in between shifts on days working a double shift included: (1) lining up the vehicles for their next route; (2) cleaning vehicles; (3) fueling vehicles; (4) conducting pre-ride vehicle safety inspections; and (5) receiving and reviewing the daily passenger manifest. By way of example, this off-the-clock work occurred at least once per week during the first 3 months of Mr. Hodges' employment for 1-4 hours per shift. Additionally, Mr. Hodges worked through at least 90% of his meal breaks from April 2010 until April 2012. Work performed during meal break periods included: (1) traveling to pick up/drop off passengers at their desired locations; and (2) traveling to the next passenger pick up to ensure timely service. However, because of Defendants' improper practices of requiring Drivers to work off-the-clock and refusing to compensate them for their interrupted meal breaks as described below, Mr. Hodges was deprived of wages as required by the FLSA and NYLL. During any given week, Mr. Hodges worked approximately 10 hours of uncompensated straight time and 2 – 3 hours of uncompensated overtime.

10.   Plaintiff, Shane Thompson, is a resident of Far Rockaway, New York. Mr. Thompson was employed by All Transit on a full-time basis as a Driver from July 2010 until September 2012, and paid an hourly rate of approximately $10.25. Throughout Mr. Thompson's employment at All Transit, he was frequently asked to and did perform work before the start of his shift, after the end of his shift, and during his meal breaks without compensation. This off-the-clock work and work performed during meal breaks was significant, integral and indispensable to the performance of job related duties, was not a de minimis task or request and was predominantly for the Defendants' benefit. Work performed during off-the-clock periods included: (1) conducting pre-ride vehicle safety inspections; (2) receiving and reviewing the daily passenger manifest; (3) travelling to pick up the first daily passenger; (4) travelling back to

4

All Transit's facility after making the final passenger drop off; (5) completing end of shift paperwork; and (6) conducting a post-ride vehicle safety inspection. By way of example, this off-the-clock work occurred every day throughout the course of Mr. Thompson's employment at All Transit and regularly took him at least 2 hour to complete the aforementioned tasks, time for which Mr. Thompson worked but was not properly compensated. Additionally, Mr. Thompson worked through at least 90% of his meal breaks from July 2010 until September 2012. Work performed during meal break periods included: (1) traveling to pick up/drop off passengers at their desired locations; and (2) traveling to the next passenger pick up to ensure timely service. However, because of Defendants' improper practices of requiring Drivers to work off-the-clock and refusing to compensate them for their interrupted meal breaks as described below, Mr. Thompson was deprived of wages as required by the FLSA and NYLL. During any given week, Mr. Thompson worked approximately 10 – 12 hours of uncompensated overtime.

11. Plaintiff, Zelmo Brooks II, is a resident of Bronx, New York. Mr. Brooks was employed by All Transit on a full-time basis as a Driver from July 2009 until on or about October 26, 2012 and paid an hourly rate of approximately $12.00. Throughout Mr. Brooks' employment at All Transit, he was frequently asked to and did perform work before the start of his shift, after the end of his shift, in between shifts on days working a double shift, and during his meal breaks without compensation. This off-the-clock work and work performed during meal breaks was significant, integral and indispensable to the performance of job related duties, was not a de minimis task or request and was predominantly for the Defendants' benefit. Work performed during off-the-clock periods before the start and after the end of his shift included: (1) conducting pre-ride vehicle safety inspections; (2) receiving and reviewing the daily passenger manifest; (3) travelling to pick up the first daily passenger; (4) travelling back to All Transit's