UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL HODGES, SHANE THOMPSON,
ZELMO BROOKS II and SASHA
OYEWOLETURNER, on behalf of themselves
and all others similarly situated,

                  Plaintiffs,           MEMORANDUM AND ORDER

  -against-                              CV 13-2587 (LDW) (ARL)

ALL TRANSIT LLC and DANIEL LIEBOWITZ,

                  Defendants.
----------------------------------------------------------------X
WEXLER, District Judge

Plaintiffs bring this action on behalf of themselves and others similarly situated against defendants All Transit LLC ("All Transit") and Daniel Liebowitz for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") § 190 *et seq.* and § 650 *et seq.* Defendants move to dismiss and/or to compel arbitration pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion.

I.

Plaintiffs allege that while they were employed as drivers for All Transit they were denied compensation for straight hours (so-called "gap time") under the NYLL and for overtime hours under the FLSA and NYLL. In particular, plaintiffs allege defendants have engaged in "illegal and improper wage practices that have deprived Drivers of

straight wages and overtime compensation," including, "requesting that Drivers perform off-the-clock work prior to clocking in and after clocking out thereby depriving Drivers of wages and overtime compensation to which they are entitled by law" and "requiring Drivers to work through uncompensated and automatically deducted meal breaks without compensation."  Complaint ¶ 4.

II.

Defendants argue that plaintiffs fail to sufficiently plead overtime claims under the FLSA and NYLL, and that upon dismissal of the FLSA overtime claim (the only federal claim), the Court should decline to exercise supplemental jurisdiction over plaintiffs' NYLL gap-time claim.  Alternatively, defendants argue that the Court should compel plaintiffs to arbitrate their claims pursuant to the following provision in the collective bargaining agreement ("CBA") between All Transit and plaintiffs' representative:

> Adjustments of all complaints, controversies, dispute or grievance between the parties, or between the Company and any employee relating to wages, hours and any working condition or involving the interpretation, operation, application or performances of the terms of this Agreement . . . shall be processed as follows:
>
> 1.  Between the steward, the aggrieved employee and the supervisor, and if no satisfactory agreement is reached within twenty-four (24) hours.
>
> 2.  Been the Chief Steward or Shop Chairman, the Company and the officers of the Union, and if no satisfactory agreement is reached within seventy-two (72) hours.

    3. The dispute shall then be submitted to an Arbitrator designated by the New York State Employment Relations Board in accordance with its rules and regulations.

Declaration of Glenn S. Grindlinger in Support of Defendants' Motion to Dismiss and/or Compel Arbitration, Exh. B, at 19 (the "Arbitration Provision").

## III.

  Plaintiffs' claims, including the FLSA claim, are arbitrable. *See Reynolds v. de Silva*, 2010 WL 743510, at *5 (S.D.N.Y. Feb. 24, 2010). Moreover, the Supreme Court has held that a CBA provision which "clearly and unmistakably requires union members to arbitrate [federal statutory] claims is enforceable as a matter of federal law." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009).

  Upon consideration, the Court finds that the Arbitration Provision "clearly and unmistakably" requires arbitration of plaintiffs' FLSA claims, notwithstanding the lack of specific reference in the Arbitration Provision to federal statutory claims or the FLSA. In this respect, the Court finds instructive a decision from the Western District of Pennsylvania, finding that a CBA provision similar to the Arbitration Provision required arbitration of FLSA claims concerning the required wages to be paid for a meal period. *See Babcock v. Butler County*, 2012 WL 1655737, at * 4 (W.D. Pa. May 10, 2012). In this respect, the district court in *Babcock* stated:

    Although this provision does not mention the FLSA, it does specifically state that any dispute relating to wages and hours

> is subject to the four-step procedure (which, in step four, includes arbitration). The parties to this CBA chose to enumerate the *types* of disputes that would be submitted to arbitration. Disputes regarding hours and wages were listed among those disputes. . . .
>
> . . . Thus, any dispute concerning wages to be paid for the meal period should follow the procedure set forth [in the arbitration provision].

*Id.; see also Reynolds v. de Silva*, 2010 WL 743510, at *4 ("Plaintiff suggests that the FLSA and NYLL claims are outside the scope of the Arbitration Clause because they are not expressly mentioned therein. The relevant case law refutes that argument."). This Court agrees with the reasoning in *Babcock*. The Arbitration Provision is seemingly broad in that it covers "all" disputes, yet quite specific in that covered disputes include those "relating to wages [and] hours." It does not limit such disputes merely to those arising out of interpretation of the CBA. Under these circumstances, the Court finds that the Arbitration Provision demonstrates a clear and unmistakable intent to encompass wage and hour disputes, including those falling under the FLSA. Because plaintiffs' claims are covered by the Arbitration Provision, the Court grants defendants' motion to compel arbitration.

IV.

For the above reasons, defendants' motion to compel arbitration is granted. Given this determination, the Court need not reach defendants' motion to dismiss under FRCP

12(b)(6).  The Clerk of Court is directed to close the file in this action.

    SO ORDERED.

                                                 /s/
                                  LEONARD D. WEXLER
                                  UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       February 7, 2014